IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ANTHONY W. BARTELS                                                    PLAINTIFF

V.                              NO.  3:07cv00143 JLH-JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and two copies of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date of the findings and recommendations.  The copy will

be furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge,

you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such
        a hearing is granted) was not offered at the hearing before the Magistrate
        Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Anthony Bartels brings this civil action against the Commissioner of the Social Security Administration, seeking to recover attorney's fees previously awarded under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  The Commissioner has filed a motion to dismiss for lack of standing (doc. 6), Plaintiff has responded (doc. 7), and the motion has been referred for recommended disposition (doc. 8).  Based on the Eighth Circuit Court of Appeals' decision in *Ratliff v. Astrue*, No. 07-2317 (8th Cir. Sept. 5, 2008), the Magistrate Judge **withdraws** the previously submitted recommendation (doc. 11) and now recommends that the Commissioner's motion be **denied**.

I.

Plaintiff, an attorney, represented Shawn Vail in a civil action seeking judicial review of the Commissioner's decision denying Vail's claim for social security disability benefits. *Vail v. Social Security Administration*, No. 3:06cv00155-BD (E.D. Ark.).  On May 23, 2007,

2

the Court reversed the Commissioner's decision and remanded the case for further proceedings. *Id.* at doc. 13, 14. On August 8, 2007, the Court granted Vail's unopposed motion for EAJA fees and expenses, awarding Vail $2,799.15 in attorney's fees and $13.95 in costs. *Id.* at doc. 15-19.

On September 12, 2007, the United States Department of Treasury issued a check on behalf of the Social Security Administration made payable to "Vail Shawn c/o Bartels Law Firm, PO Box 1640, Jonesboro, AR 72401." The check was in the amount of $1,693.15, due to a deduction of $1,106.00 to offset Vail's child support debts. Plaintiff contends that the seizure of his EAJA attorney's fees was not authorized by law, and he brings this action under 28 U.S.C. § 1331, the Administrative Procedures Act, and 28 U.S.C. § 1361 (mandamus), asking the Court to order payment of the $1,106.00 withheld by the Treasury Department.

The Commissioner has moved to dismiss for lack of standing, arguing that offset of the EAJA fees did not cause an injury-in-fact to Plaintiff because he had no property interest in the EAJA fees as they belonged to Vail – the prevailing party – not Plaintiff.[1] *See Willis v. Government Accountability Office*, 448 F.3d 1341, 1343-47 (Fed. Cir. 2006) (where attorney had no right under statute to claim fees, he lacked Article III standing to directly assert independent claim for attorney's fees); *Benitez v. Collazo-Collazo*, 888 F.2d

---

[1]EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action. ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

930, 932-33 (1st Cir. 1989) (attorney has no Article III standing to bring appeal regarding grant or denial of fee award).

## II.

Like this case, *Ratliff* involved an attorney who successfully represented claimants in court proceedings challenging the denial of social security benefits, who was granted an award of attorney's fees and expenses under EAJA, and whose EAJA award was reduced because of debts owed by the claimants to the United States government.  The United States District Court for the District of South Dakota determined that because the fees were awarded to the parties, not their attorney, Ratliff lacked standing to challenge the government's offset.  The Eighth Circuit reversed, concluding that "attorneys' fees awarded under the EAJA are awarded to the prevailing parties' attorneys, rather than to the parties themselves," that Ratliff therefore had standing to bring an independent action to collect the fees, and that the government's withholding of the fee awards to offset the claimants' debts violated the Fourth Amendment.   *Ratliff*, slip. op. at 1-2, 4.  The Eighth Circuit stated that its decision was compelled by circuit precedent:

> In *Curtis v. City of Des Moines*, 995 F.2d 125, 129 (8th Cir. 1993), we held that EAJA attorneys are entitled to fees awards; thus, the fees could not be recovered by a third-party judgment creditor of the plaintiff.  This also holds true if the judgment creditor is the government.  *United States v. McPeck*, 910 F.2d 509, 514 (8th Cir. 1990).  In *McPeck*, we remanded and directed the bankruptcy court to "determine whether attorneys' fees can be awarded" under the Internal Revenue Code and, if so, specifically directed that "the award of attorneys' fees should be assessed affirmatively against the [government], and not as an offset against its tax claim."  *Id.*  Applying *Curtis* and *McPeck*, we hold EAJA fee awards become the property of the prevailing party's attorney when assessed and may not be used to offset the claimant's debt.

4

*Ratliff*, slip op. at 3.

The Eighth Circuit acknowledged that many courts have reached the opposite conclusion, *id.* at 2-3, and Judge Gruender wrote a separate concurrence[2] to emphasize that the holding was "inconsistent with language in two Supreme Court opinions, the EAJA's plain language, and the holdings of most other circuit courts." *Id.* at 5-7; *see Reeves v. Astrue*, 526 F.3d 732, 734-38 (11th Cir. 2008) ("[O]ur analysis begins and ends with the unambiguous text of the statute: The EAJA means what it says, attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney."), *pet. for cert. filed*, No. 08-5605 (U.S. Aug. 1, 2008); *Manning v. Astrue*, 510 F.3d 1246, 1249-55 (10th Cir. 2007) ("[T]he clear language of the statute provides that attorney's fees are paid to the prevailing party, not the attorney."), *pet. for cert. filed*, 76 U.S.L.W. 3637 (U.S. May 22, 2008) (No. 07-1468); *see also FDL Technologies, Inc. v. United States*, 967 F.2d 1578, 1580-81 (Fed. Cir. 1992) (construing EAJA provision regarding fee awards for prevailing parties in agency adjudications; finding party, not attorney, is entitled to receive the fee award).

*Ratliff* is directly on point.  It compels the conclusion that the EAJA fee award at issue was awarded to Plaintiff, as the prevailing party's attorney; therefore, Plaintiff has

---

[2]Judge Gruender noted that *Curtis* involved an award of attorney's fees under 42 U.S.C. § 1988, not EAJA, but found its holding applicable because the "fee-shifting statutes' similar language is a strong indication that they are to be interpreted alike." *Ratliff*, slip op. at 4.  He stated, however, he was "not convinced" that *McPeck* compelled the conclusion reached by the Court because it was "not at all clear" to him that the statement at issue implied that the fees were to be awarded directly to the attorneys, the case did not involve attorney's fees awarded under either EAJA or § 1988, and the relevant statement appeared to be dicta.  *Id.* at 4 n.1.

standing to bring this independent action to collect the portion of the EAJA fee award that was withheld to cover the child support debts of Plaintiff's client.  *Ratliff*, slip op. at 4.


III.

Accordingly, the Commissioner's motion to dismiss (doc. 6) should be **denied**.

DATED this 5th day of September, 2008.


_____
UNITED STATES MAGISTRATE JUDGE